AUG. WEHRLEY, ET AL., *v.* R. H. COURTNEY, TRUSTEE, ET AL.

**Judicial Sales of Real Estate—Duty of Purchaser to Investigate Title.**
　　Judicial sales of real estate are made without warranty, and it is
　the duty of a purchaser at such sales to investigate the title before
　the sale is confirmed, and where he fails to do so and it turns out that
　there are some unpaid taxes due, he must bear the consequences.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 27, 1875.

OPINION BY JUDGE PETERS:

At a judicial sale of certain lots in the city of Louisville on the 8th of June, 1874, appellants became the purchasers thereof.  On the 12th of June the marshal made his report of the sales to the court.  On the 6th of July, 1874, the report was approved and confirmed without exception; and on the 8th day of the last named month, deeds were executed by the master, acknowledged, approved, and ordered to be certified to the clerk of the Jefferson county court for record.

Appellants having failed to pay their bonds for the first instalment of purchase money, rules were awarded against each of them and their sureties to coerce payment, to which they each responded, in substance, that said sales were made as of unincumbered property; that the attorney of the plaintiff in the suit handed them printed bills on the day of sale, prepared specially for the occasion, giving particulars concerning the property, and requesting them to bid on the same; that extra efforts were made by the parties in interest to make the property bring its full value; that it did not appear in the decree of the chancellor, nor in the advertisements of the marshal of the sale, nor in the printed bills of those for whose benefit the sales were to be made, that the property was not sold as unincumbered property, and that they understood, and did believe when they purchased that they were to get an unincumbered fee simple title to the lots; but that since they purchased they had discovered that there were

a large amount of taxes assessed on said property for the years 1872 and 1873, due and unpaid, and which were a charge on the property purchased by them, amounting to near or quite $1,000 in all, which they were compelled to pay and had paid to the proper collecting officer; and they asked that they might have credits for the amounts paid by each on their respective bonds for the first instalments, and professed to be willing and ready to pay the balance thereof, and perhaps had previously paid all except what they sought to retain for the taxes. The responses were adjudged insufficient by the court, and the rules made absolute, and that judgment they ask this court to reverse.

It is not stated in this response that appellants did not know before the sales to them were confirmed, that the property purchased by them was liable for the unpaid taxes assessed upon it, and if they did not know it, it does not appear that they had used any diligence, or made any effort from the date of their purchases to the time of the confirmation, which was a month, to ascertain the condition of the title. They knew, or must be treated as knowing, that judicial sales are made without warranty of title, and it was their duty to investigate the titles and the condition of the property before the sales were confirmed; and having failed to do so they must bear the consequences.

The action of the court in confirming the sales is a final judgment, from which an appeal will lie, and concludes the rights of parties and privies until it is vacated or reversed.

Wherefore the judgment is *affirmed*.

*M. A. & D. A. Sachs, for appellants.*
*Byron Bacon, for appellees.*